BLANCHE, Judge.
Plaintiff, Otis Ray Green, filed on March 18, 1971, a suit for damages against various defendants, to which answer was filed on behalf of the defendants in due course. Subsequently, and more particularly on May 5, 1972, plaintiff propounded seventy-six interrogatories which were directed to the defendants. On May 16, 1972, defendants, through their attorney, John A. Jeansonne, Jr., filed objections to fifty-four of the seventy-six interrogatories. (The remaining interrogatories were answered on May 23, 1972.) On June 15, 1972, plaintiff filed a contradictory motion to compel defendants to answer the interrogatories to which objection had been urged, and further moved for assessment of expenses and attorney’s fees in favor of plaintiff and against defendants. This contradictory motion did not seek assessment of either expenses or attorney’s fees against defendants’ attorney either conjunctively with the defendants or dis-junctively therewith.
Judgment was rendered on the contradictory motion on June 23, 1972, and read and signed on June 29, 1972, denying the motion of plaintiff as to certain interrogatories, granting the motion in favor of plaintiff and against the defendants ordering answers by the defendants to certain other interrogatories, and awarding judgment in favor of plaintiff’s attorney, John E. Conery, and against defendants’ attorney, John A. Jeansonne, Jr., the sum of $150 in attorney’s fees, purportedly pursuant to Louisiana Code of Civil Procedure Article 1511. After an unsuccessful application for a rehearing, the defendant cast in judgment, John A. Jeansonne, Jr., the attorney for the defendants in the principal action, perfected this suspensive appeal from the money judgment rendered against *530 him. The propriety of this money judgment is the sole issue presented by this appeal.
Defendant, John A. Jeansonne, Jr., assigns several specifications of error, but inasmuch as we find merit in his first specification of error, thereby requiring reversal of the money judgment against defendant, we find it unnecessary to pass upon the merit of defendant’s other specifications of error.
Defendant’s first specification of error is that,
“Even though Article 1511 of the Code of Civil Procedure provides authority for the lower court to tax attorney’s fees for the refusal to answer interrogatories, Article 1511 has no application to the instant case because the filing of timely objections to interrogatories pursuant to Article 1491 of the Code of Civil Procedure does not constitute a refusal to answer, since the timely filing of objections pursuant to Article 1491 of the Code of Civil Procedure relieves the party of the obligation to answer until the validity of objections [is] determined.”
The pertinent part of Louisiana Code of Civil Procedure Article 1491 reads as follows :
“Any party may serve upon any adverse party written interrogatories to be answered by the party served or, if the party served is a public or private corporation or a partnership or association, by any officer or agent, who shall furnish such information as is available to the party. Interrogatories may accompany the petition or be served after commencement of the action and without leave of court. The interrogatories shall be answered separately and fully in writing under oath. The answers shall be signed by the person making them; and the party upon whom the interrogatories have been served shall serve a copy of the answers on the party submitting the interrogatories within fifteen days from service thereof unless the court, on motion and notice and for good cause shown, enlarges or shortens the time. Within ten days after service of interrogatories a party may serve written objections thereto. Answers to interrogatories to which objection is made shall be deferred until the objections are determined. * * *" (Emphasis supplied by the court)
It will be noted from the foregoing emphasized sentences of Article 1491 that the article exonerates the person to whom the interrogatories are directed from the obligation of answering the same where such a party timely serves written objections to the interrogatories.
Louisiana Code of Civil Procedure Article 1511 is the source provision for imposition of sanctions for refusal to answer oral or written interrogatories, and reads as follows:
“If a party or other deponent refuses to answer any questions propounded upon oral examination, the examination shall be completed on other matters or adjourned, as the proponent of the question may prefer. Thereafter, on reasonable notice to all persons affected thereby, he may apply to the court in which the action is pending or in which the judgment was originally rendered for an order compelling an answer. Upon the refusal of a deponent to answer any interrogatory submitted under Articles 1471 through 1473 or upon the refusal of a party to answer any interrogatory submitted under Article 1491, the proponent of the question may on like notice apply for such an order. If the written motion is granted and if the court finds that the refusal was without substantial justification the court shall require the refusing party or deponent and the party or attorney advising the refusal or either of them to pay to the examining party the amount of the reasonable expenses incurred in obtaining the order, including reasonable attorney’s fees. If the mo *531 tion is denied and if the court finds that the motion was made without substantial justification, the court shall require the examining party or the attorney advising the motion or both of them to pay to the refusing party or witness the amount of the reasonable expenses incurred in opposing the motion, including reasonable attorney’s fees.”
The narrow question presented by this specification of error is, therefore, whether the sanctions provided by Article 1511 can have applicability to a situation where the person to whom written interrogatories have been directed has taken the precaution of timely objecting thereto as permitted by Article 1491, or whether such person, nevertheless, can be subjected to imposition of expenses including reasonable attorney’s fees, notwithstanding his timely obj ecting to the interrogatories.
This question has, in our opinion, already been answered by the case of Gaudet v. Lawes, 166 So.2d 337 (La.App. 1st Cir. 1964), wherein this Court indicated that a litigant who resorted to filing timely objections to interrogatories propounded thereto, as permitted by Article 1491, thereby removed himself from exposure to penalties and sanctions as provided by Article 1511 for “outright failure or refusal to answer” :
“Neither the manner in which objections to interrogatories are to be made nor the precise time and circumstances under which such objections shall be disposed of are specifically provided by aforesaid Article 1491. It is significant to note at this juncture the provisions of LSA-C.C.P. Article 1511 which imposes penalties for refusal to answer interrogatories propounded. It is also worthy of note that in the case at bar the trial court issued an order for a contradictory hearing pursuant to the motion of the objecting parties herein who desired a judicial determination of their objections without exposing themselves to the penalties provided by LSA-C.C.P. Article 1511 for outright failure or refusal to answer. * * *” (Gaudet v. Lawes, 166 So.2d at 341 — Emphasis supplied by this Court)
It will be noted that Article 1491 of the Louisiana Code of Civil Procedure is practically a verbatim adoption of Rule 33 of the Federal Rules of Civil Procedure prior to the 1970 revision thereof,[1] while Article 1511 of the Louisiana Code of Civil Procedure was practically a verbatim adoption of Rule 37(a) of the Federal Rules of Civil Procedure as that rule read prior to its revision in 1970.[2]
It was well recognized and established that an objection, no matter how unjusti *532 fied, deferred the need to answer the written interrogatory propounded pursuant to Rule 33 of the Federal Rules of Civil Procedure as that rule existed prior to its 1970 revision, until the court passed on the objection, and while the former Federal Rules of Civil Procedure provided sanctions for unjustified refusals to answer oral interrogatories at a deposition, no sanctions existed even for an unjustified objection to a written interrogatory propounded pursuant to former Rule 33:
“ * * * An objection, no matter how unjustified, deferred the need to answer the [written] interrogatory objected to until the court had passed on it. The former rules provided sanctions for unjustified refusals to answer [oral interrogatories] at a deposition but no sanction for an unjustified objection to [a written] interrogatory.55 * * * ”
X * * * * *
“55. No sanction
“The Advisory Committee Note to the 1970 amendment of Rule 33(a) says in part: ‘It often seems easier to object than to seek an extension of time. Unlike [former] Rules 30(d) and 37 (a), Rule 33 imposes no sanction of expenses on a party whose objections are clearly unjustified.’ 48 F.R.D. at 522.”
(Wright and Miller, Federal Practice and Procedure, Volume 8, Section 2173, p. 540)
Because of this situation which was considered unsatisfactory in Federal Civil Procedure, these rules were revised in 1970 to make it clear that the Federal Court can impose sanctions such as imposition of expenses and attorney’s fees against a litigant who objects to written interrogatories propounded to him, with the result that the mere timely filing of an opposition to written interrogatories no longer necessarily insulates a litigant from imposition of such sanctions.[3]
*533 The decision of whether the applicable provisions of the Louisiana Code of Civil Procedure should be amended so as to yield the same result as now obtains by virtue of the 1970 amendments to the respective Federal Rules of Civil Procedure is a matter which properly addresses itself to the Legislature.
For the foregoing reasons, the judgment appealed from, insofar as it awarded a money judgment against defendant-appellant, John A. Jeansonne, Jr., is reversed, vacated and set aside. All costs of this appeal are assessed to plaintiff-appellee, Otis Ray Green.
Reversed and rendered.

. Rule 33, Federal Rules of Civil Procedure as amended in 1948, and which was in effect at the time of the redaction of the Louisiana Code of Civil Procedure in 1960, and prior to the revision thereof in 1970, read as follows :
“Any party may serve upon any adverse party written interrogatories to be answered by the party served or, if the party served is a public or private corporation or a partnership or association, by any officer or agent, who shall furnish such information as is available to the party. Interrogatories may be served after commencement of the action and without leave of court, except that, if service is made by the plaintiff within 10 days after such commencement, leave of court granted with or without notice must first be obtained. The interrogatories shall be answered separately and fully in writing under oath. The answers shall be signed by the person making them; and the party upon whom the interrogatories have been served shall serve a copy of the answers on the party submitting the interrogatories within 15 days after the service of the interrogatories, unless the court, on motion and notice and for good cause shown, enlarges or shortens the time. Within 10 days after service of interrogatories a party may serve written objections thereto together with a notice of hearing the objections at the earliest practicable time. Answers to interrogatories to which objection is made shall be deferred until the objections are determined.

. Buie 37(a), Federal Buies of Civil Procedure, as amended in 1948 and which was in effect at the time of the redaction of the Lou *532 isiana Code of Civil Procedure in 19G0, and prior to the revision thereof in 1970, read as follows:
“(a) Refusal to Answer. If a party or other deponent refuses to answer any question proounded upon oral examination, the examination shall be completed on other matters or adjourned, as the proponent of the question may prefer. Thereafter, on reasonable notice to all persons affected thereby, he may apply to the court in the district where the deposition is taken for an order compelling an answer. Upon the refusal of a deponent, to answer any interrogatory submitted under Rule 31 or upon the refusal of a party to answer any interrogatory submitted under Rule 33, the proponent of the question may on like notice make like application for such an order. If the motion is granted and if the court finds that the refusal was without substantial justification the court shall require the refusing party or deponent and the party or attorney advising the refusal or either of them to pay to the examining party the amount of the reasonable expenses incurred in obtaining the order, including reasonable attorney’s fees. If the motion is denied and if the court finds that the motion was made without substantial justification, the court shall require the examining party or the attorney advising the motion or both of them to pay to the refusing party or witness the amount of the reasonable expenses incurred in opposing the motion, including reasonable attorney’s fees.”

. Rule 33(a), as adopted in 1970, specifically makes applicable the sanction provisions of Rule 37(a), as the latter rule has been revised :
“ (a) Availability; procedures fob use. Any party may serve upon any other party written interrogatories to be answered by tiie party served or, if the party served is a public or private corporation or a partnership or association or governmental agency, by any officer or agent, who shall furnish such information as is available to the party. Interrogatories may, without leave of court, be served upon the plaintiff after commencement of the action and upon any other party with or after service of the summons and complaint upon that party.
“Each interrogatory shall be answered separately and fully in writing under oath, unless it is objected to, in which event the reasons for objection shall be stated in lieu of an answer. The answers are to be signed by the person making them, and the objections signed by the attorney making them. The party upon whom the interrogatories have been served shall serve a copy of the answers, and objections if any, within 30 days after the service of the interrogatories, except that a defendant may serve answers *533 or objections within 45 days after service of the summons and complaint upon that defendant. The court may allow a shorter or longer time. The party submitting the interrogatories may move for an order under Rule 81(a) with respect to any objection to or other failure to answer an interrogatory.” (Rule 33 [a], 1970 revision — Emphasis supplied by this Court) Rule 37 (a), as revised in 1970, reads as follows :
“(a) Motion for order compelling discovery. A party, upon reasonable notice to other parties and all persons affected thereby, may apply for an order compelling discovery as follows:
“(1) Appropriate court. An application for an order to a party may be made to the court in which the action is pending, or, on matters relating to a deposition, to the court in the district where the deposition is being taken. An application for an order to a deponent who is not a party shall be made to the court in the district where the deposition is being taken.
“(2) Motion. If a deponent fails to answer a question propounded or submitted under Rules 30 or 31, or a corporation or other entity fails to make a designation under Rule 30(b) (6) or 31(a), or a party fails to answer an interrogatory submitted under Rule 30(b)(6) or 31(a), or a party fails quest for inspection submitted under Rule 34, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested, the discovering party may move for an order compelling an answer, or a designation, or an order compelling inspection in accordance with the request. When taking a deposition on oral examination, the proponent of the question may complete or adjourn the examination before he applies for an order.
“If the court denies the motion in whole or in part, it may make such protective order as it would have been empowered to make on a motion made pursuant to Rule 26(c).
“(3) Evasive or incomplete answer. For purposes of this subdivision an evasive or incomplete answer is to be treated as a failure to answer.
“(4) Award of expenses of motion. If the motion is granted, the court shall, after opportunity for hearing, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in obtaining the order, including attorney’s fees, unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust.
“If the motion is denied, the court shall, after opportunity for hearing, require the moving party or the attorney advising the motion or both of them to pay to the party or deponent who opposed the motion the reasonable expenses incurred in opposing the motion, including attorney’s fees, unless the court finds that the making of the motion was substantially justified or that other circumstances make an award of expenses unjust.
“If the motion is granted in part and denied in part, the court may apportion the reasonable expenses incurred in relation to the motion among the parties and persons in a just manner.”